Mr. Justice James
delivered the opinion of the court.
At the trial of this ease, when plaintiff was a witness,* counsel for the defendant asked him to look into his book of accounts which he had produced on notice, and state to *85 whom he had charged the work ; he did so, and said that he had charged it to the defendant. The jury having retired, subsequently asked for this book and it was handed to them by the clerk. After that they carne into court and stated to the judge that they had possession of the book, but because there was some doubt whether it had been put in evidence they had not looked into it, and thereupon asked whether they might do so. The court told them that it was in evidence and that they could take it and examine it as that entry. When this order was made, the counsel for defendant who had called for the book was not in court, so that the direction was given in the absence, of counsel on that side. We are asked to reverse the judgment against the defendant on the ground that such order could be made only with consent of parties.
If the court allows any paper which has not been put in evidence to be taken by the jury to their room, that is error. If the paper has been put in evidence it is a matter of discretion with the court whether to permit it to go into the jury room. In many cases it would be improper to allow writings to go into the jury room because they would disturb the equilibrium of the evidence. For example, if the testimony on one side was oral and on the other in depositions, ■the jury would of course be likely — almost certain — to give more weight to the written testimony before them than to the oral testimony on the other side. But the general rule is, that when a paper is in evidence it is in the discretion of the court whether to let the jury have it, and that whether counsel consent or not.
If the court could, without consent of counsel, have given this book to the jury before they went out, it is not material that the permission was given afterwards. Whether it was in evidence or not we think was for the judge to determine, and we accept his determination of that fact. It appears that the counsel who called for the book told the witness, the plaintiff himself, to read the book and state what was there. Substantially he told the witness to read the book to the jury. It was commented upon by counsel on both sides, and *86 •the court had a right to assume that counsel waived the formality of offering it in evidence.
If a dispute had arisen about it the court would have been compelled to decide whether the treatment given the paper by counsel had put it in evidence. The court has so decided, and it being a matter of discretion it is not a subject of error, We cannot reach it even if we think it was not good practice.
The judgment is therefore affirmed.